**Bobbie Ann MELTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–87–453–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 7, 1988.

**282**

Bob Wicoff, Houston, for appellant.

John B. Holmes, Jr., Linda A. West, Houston, for appellee.

Before JUNELL, SEARS and CANNON, JJ.

**OPINION**

CANNON, Justice.

This is an appeal from a conviction for aggravated possession of a controlled substance with intent to deliver. Appellant entered a guilty plea before the jury. After the first State's witness testified, appellant signed a waiver of constitutional rights, an agreement to stipulate, and a judicial confession. The trial judge found appellant guilty of aggravated possession of a controlled substance, namely cocaine, weighing in excess of 400 grams, with intent to deliver, and assessed punishment at confinement for fifteen years plus one month and a ten dollar fine. Appellant contends the trial court erred in denying her pretrial motion to suppress evidence. We affirm.

Viewed in the light most favorable to the verdict, the facts are as follows. On June 24, 1985, Delbert Pack, who was under indictment for possession of cocaine, entered into an agreement with the Harris County District Attorney's Office. Under the terms of the agreement, if Pack provided information leading to two separate indictable drug possession cases by August 12, 1985, the contract would be extended to September 30, 1985. If Pack then provided information for another drug possession case, the State would recommend six years probation rather than imprisonment. If Pack's information led to the seizure of at least one kilogram (approximately 2.2 pounds) of cocaine, the requirement of two indictable cases would be met. .

Houston Police Department Sergeant C.F. Medley testified that Pack told him he had known appellant for about two years and had previously purchased cocaine from her. Pack also gave Sgt. Medley the appellant's address and telephone number. Sgt. Medley located appellant's residence, checked the registration of the vehicle in the driveway, checked to determine the name of the person paying the utilities at the address, and checked on appellant's driver's license. Everything he learned corroborated Pack's information.

Under Sgt. Medley's direction, Pack negotiated with appellant for the purchase of a kilo of cocaine. Appellant told Pack that she could put him in contact with someone who could supply a kilo of cocaine. Pack visited appellant at her home on August 13, 1985, and saw cocaine and marijuana there. He advised Sgt. Medley that a kilo of cocaine was supposed to be at appellant's residence at approximately 5:00 p.m. on August 15, 1985.

Based on this information, Sgt. Medley drafted an affidavit and search warrant which was subsequently signed by a magistrate. On August 15, 1985, Pack again went to appellant's residence, while several police officers waited outside. After seeing a quantity of cocaine in the house, Pack gave the officers a prearranged signal and the warrant was executed. Appellant was arrested, and the officers seized 1,031 grams (one kilo and thirty-one grams) of cocaine, seven grams of marijuana, and several pieces of narcotics paraphernalia.

In her sole point of error, appellant asserts that Sgt. Medley's affidavit made material omissions of fact and contained falsehoods. Appellant points to the failure to describe the agreement between Pack and the District Attorney's Office in the affidavit, and the fact that Pack faced prison if he did not uphold his part of the agreement. Appellant claims the affidavit was further tainted by Pack's failure to inform Sgt. Medley that he had purchased an ounce of cocaine from appellant during his August 13 visit to her house.

A search warrant shall not issue unless it is predicated upon probable cause. Tex.Code Crim.Proc.Ann. art. 18.01(b) (Vernon Supp.1988). In order for an affidavit in support of a search warrant to establish probable cause, it must set forth sufficient circumstances to enable a magistrate to independently judge the validity of the affiant's belief that contraband is at the place to be searched. When a reasonably trustworthy person gives a police officer information sufficient to cause a reasonably cautious person to believe that items of contraband or evidence of a crime may presently be found in a specified place,

there is probable cause to issue a warrant to search that place. *Cassias v. State,* 719 S.W.2d 585, 587 (Tex.Crim.App.1986). In determining whether probable cause existed, the appellate court reviews the "totality of the circumstances" surrounding the making of the affidavit. *Illinois v. Gates,* 462 U.S. 213, 238–39, 103 S.Ct. 2317, 2332–33, 76 L.Ed.2d 527 (1983); *Hennessy v. State,* 660 S.W.2d 87, 88–89 (Tex.Crim.App. [Panel Op.] 1983). The affidavit in this case reads in pertinent part:

The affiant, a Houston Police Narcotics officer, received information on this date, August 15, 1985, from a credible and reliable informant that stated that a white female known as "Bobbie" described as approx. 35 years of age, 5'5" tall, 135 pounds, with short brown [sic] and other persons unknown, had in her possession a quantity of cocaine for the purpose of sale and personal use at the residence house located at 530 Twinbrooke Harris County Texas.

Informant stated to officer that informant was inside the residence located at 530 Twinbrooke within the past 48 hours and while at this location was showed [sic] a quantity of cocaine by the white female known as "Bobbie". Informant stated that the cocaine was located in the den portion of the residence.

The informant is a past user of the drug cocaine and can recognize cocaine by sight and smell. Informant stated that the white powder substance that the white female "Bobbie" showed the informant at the residence located at 530 Twinbrooke was indeed cocaine.

The informant has furnished information to the affiant on at least three prior occasions regarding illegal narcotic contraband and on each and every occasion the information has been true and correct.

Sgt. Medley testified that the information contained in the affidavit was provided to him by Pack, that he verified the information before putting it in the affidavit, and that the affidavit was true and correct.

The appellant contends that Sgt. Medley made a material omission by not informing

the magistrate of the contract between Pack and the District Attorney's Office. Appellant claims that Pack felt a "special urgency" as the contract deadline approached, and notes that the transaction in question occurred three days after the deadline.

■ However, appellant is not claiming that a false statement was included by the affiant in the warrant affidavit. *See Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Rather, this is a case of a claimed material omission by the affiant. Such omissions are treated essentially the same as claims of material misstatements. *Brooks v. State,* 642 S.W. 2d 791, 796–97 (Tex.Crim.App. [Panel Op.] 1982); *see also United States v. Martin,* 615 F.2d 318, 328 (5th Cir.1980); *United States v. Park,* 531 F.2d 754, 758–59 (5th Cir.1976).

■ If a defendant makes a substantial preliminary showing that the affiant knowingly and intentionally, or with reckless disregard for the truth, included a false statement in the warrant affidavit, the defendant must be given a hearing to determine the validity of his claim. *Franks,* 438 U.S. at 155–56, 98 S.Ct. at 2676–77. In cases where the defendant claims the affidavit contains material omissions, the defendant must prove by a preponderance of the evidence: first, that omissions were in fact made; second, that they were made intentionally or with a reckless disregard for the accuracy of the affidavit. If defendant carries this burden, the reviewing court then determines if the affidavit would still establish probable cause for the search if the omitted material were included in the affidavit. If not, the court will void the warrant and suppress the evidence seized pursuant to it. *Martin,* 615 F.2d at 328.

There is no evidence in the record that Sgt. Medley acted with reckless disregard for the accuracy of the information he presented to the magistrate. Both in the affidavit and in his testimony at the suppression hearing, Sgt. Medley described Pack as a reliable informant with a proven record of providing the police with accurate information concerning drug transactions. Sgt. Medley also independently verified much of the information he received from Pack.

Furthermore, even if the omitted information were included, the affidavit would still be facially sufficient to give the magistrate probable cause to issue the search warrant. The fact that Pack had entered into a contract with the authorities was not so material as to warrant the inference that Sgt. Medley's actions were reckless. In a factually similar situation, the court found no error in an affidavit that failed to disclose to the magistrate that the informant was paid by the police, had a criminal record, and had previously provided the affiant with false information. *Brooks,* 642 S.W.2d at 796–97.

■ Appellant further contends the affidavit is invalid because it contains false information. Specifically, appellant notes that Pack bought an ounce of cocaine from appellant two days before the search of her residence without informing the police of this purchase. Appellant contends that there was no cocaine in the appellant's possession at the time the affidavit was made. Appellant also presumes that Pack brought the cocaine back to appellant's house to serve as a "fall-back bust" in the event the promised kilo of cocaine was not there.

Appellant presented no evidence that Pack had any cocaine with him at the time the search warrant was served. Nor did appellant show that Pack purchased all the cocaine present in appellant's house at the time the affidavit was drafted. We also note that the affidavit merely relates that the informant "was showed [sic] a quantity of cocaine," not that it was still in appellant's house at the time the affidavit was prepared.

■ Furthermore, the *Franks* test deals only with the veracity of the *affiant,* not the *informant* upon whose information the affiant is relying. Appellant offered no evidence that Sgt. Medley intentionally, knowingly or with reckless disregard for the truth placed false assertions in the

affidavit. At the suppression hearing, Sgt. Medley testified that he found out later that Pack had bought an ounce of cocaine from the appellant. Pack testified that he did not tell Sgt. Medley about the purchase prior to the preparation of the affidavit. Pack's failure to reveal this fact to the officer at the time he drafted the affidavit does not impeach the affidavit. *Franks*, 438 U.S. at 172, 98 S.Ct. at 2685; *Hennesey*, 660 S.W.2d at 92. Appellant's point of error is overruled.

The judgment is affirmed.