**William Randolph HEITMAN,
Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 05–88–01185–CR, 05–88–01186–CR.**

Court of Appeals of Texas,
Dallas.

March 14, 1990.

William R. Holman, Dallas, for appellant.

Robert P. Abbott, Dallas, for appellee.

Before WHITHAM, ROWE and WHITTINGTON, JJ.

## OPINION

WHITTINGTON, Justice.

William Randolph Heitman appeals from a conviction for unlawful possession of methamphetamine [1] and from a conviction

---

1. Cause Number 05–88–01185–CR (Trial Court Cause No. F88–95797–VT).

2. Cause Number 05–88–01186–CR (Trial Court Cause No. F88–93607–PT).

for unlawful possession of cocaine.[2] Pursuant to a plea bargain agreement, the judge assessed punishment in each case at five years' confinement and a $1,500 fine. In his sole point of error, appellant contends that the trial court erred in denying his pretrial motions to suppress evidence. We affirm.

### FACTS

In October of 1988, Roy Gregory Hansen [3] was confined in the Collin County Jail with four charges pending against him when the police first questioned him regarding appellant. Shortly thereafter, Dan Curtis, a special agent of the Federal Bureau of Alcohol, Tobacco and Firearms, visited Hansen seeking information regarding appellant. Occasionally Hansen would "work off cases" in return for giving information to the police. Hansen and appellant were friends and also worked together in appellant's pawn shop. Curtis offered Hansen a deal in which he would get certain pending charges against Hansen dismissed in exchange for information regarding appellant. Hansen accepted the deal and immediately informed Curtis that appellant, a convicted felon, had unlawful weapons and controlled substances in his home.

Subsequent to his conversation with Curtis, Hansen was released from jail. Curtis was still interested in the information regarding appellant and instructed Hansen to call the next time he saw unlawful weapons at appellant's residence. Following his release, Hansen reported to Curtis that again he saw a Sten machine gun, a silencer, and a quantity of narcotics at appellant's residence. Using this information, Curtis prepared an affidavit to obtain a search warrant for appellant's residence. A search warrant was issued and executed but no Sten machine gun or silencer was found. However, the officers discovered other assorted firearms, Sten machine gun maga-

---

3. The informant was not named in the affidavit, however, his identity was discovered prior to the suppression hearing. The informant also testified at the suppression hearing.

zines, silencer parts, cocaine and methamphetamine. Appellant was subsequently indicted for unlawful possession of cocaine and methamphetamine.

Appellant filed a motion to suppress the evidence claiming that the search warrant's supporting affidavit contained a deliberate falsehood or a reckless disregard for the truth by affiant through material omissions of substantial facts necessary to the determination of probable cause by the issuing magistrate.[4] A suppression hearing was held on the motion and both parties presented evidence. At the conclusion of the suppression hearing, the trial court determined that the evidence presented failed to establish that Curtis either knowingly or intentionally, or with reckless disregard for the truth, misstated or omitted information relevant to the determination of probable cause. The court then denied appellant's motions to suppress the evidence.

Appellant contends that the trial court erred in denying his motions to suppress the evidence of the cocaine and methamphetamine obtained in executing the search warrant. Specifically, he asserts that Curtis' affidavit fails to inform the magistrate of Hansen's prior criminal record and of the "deal" between Hansen and Curtis concerning the dismissal of felonies against an habitual offender in return for providing probable cause information. Appellant maintains that the alleged omissions were made knowingly or in reckless disregard for the truth and necessarily affected the magistrate's determination of probable cause.

## SEARCH WARRANT AFFIDAVIT

■ The right of the citizen to be secure from unreasonable searches and seizures is guaranteed under the United States Constitution, the Texas Constitution and various statutory provisions.[5] Appellant challenges the sufficiency of the search warrant affidavit under article 18.-01(b) of the Texas Code of Criminal Procedure, which provides that:

No search warrant shall issue for any purpose in this State unless sufficient facts are first presented to satisfy the issuing magistrate that probable cause does in fact exist for its issuance. A sworn affidavit setting forth substantial facts establishing probable cause shall be filed in every instance in which a search warrant is requested. The affidavit is public information if executed.

Probable cause to support the issuance of a search warrant exists where the facts submitted to the magistrate are sufficient to justify a conclusion that the object of the search is probably on the premises to be searched at the time the warrant is issued. *Illinois v. Gates*, 462 U.S. 213, 238–39, 103 S.Ct. 2317, 2332–33, 76 L.Ed.2d 527 (1983); *Cassias v. State*, 719 S.W.2d 585, 587 (Tex. Crim.App.1986). The ultimate inquiry of article 18.01 concerns the existence of probable cause, which must be established by "sufficient" and "substantial" facts. *Eisenhauer v. State*, 754 S.W.2d 159, 164 (Tex.Crim.App.1988). Where facts and circumstances within the knowledge of a police officer, arising from a reasonably trustworthy source, would warrant a man of reasonable caution in the belief that items of contraband or evidence of a crime may presently be found in a specified place, there is probable cause to issue a warrant to search that place. *Cassias*, 719 S.W.2d at 587.

■ The sufficiency of a search warrant affidavit based in part upon information

---

**4.** Appellant's original motion to suppress only regarded cause number F88–93607–PT. One day prior to the suppression hearing, the State indicted appellant in cause number F88–95797–VT. Since appellant challenged the validity of the search on the same basis in both causes, one hearing disposed of the motions in both cases.

**5.** In his motions to suppress the evidence, appellant challenged the validity of the search warrant under the United States Constitution, the Texas Constitution and statutory provisions.

On appeal, he refers only to the statutory provision under article 18.01 of the Texas Code of Criminal Procedure, therefore, we have limited our discussion to article 18.01. We note that the laws and constitution of the State of Texas impose no greater restrictive standard [than federal law], leaving the Texas courts free to follow the lead of the Supreme Court of the United States. *Eisenhauer v. State*, 754 S.W.2d 159, 164 (Tex.Crim.App.1988) (en banc).

from a confidential informant must be determined from the totality of the circumstances. *Gates,* 462 U.S. at 238–39, 103 S.Ct. at 2332–33. The magistrate will consider the informant's veracity, reliability, and basis of knowledge as relevant factors in determining the value of the information. *Gates,* 462 U.S. at 231, 103 S.Ct. at 2328–29; *Hennessy v. State,* 660 S.W.2d 87, 89 (Tex.Crim.App. [Panel Op.] 1983). The task of the issuing magistrate is to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Gates,* 462 U.S. at 239, 103 S.Ct. at 2332–33. If the magistrate determines, based on the affidavit, that probable cause exists, a search warrant may issue. TEX. CODE CRIM.PROC.ANN. art. 18.02 (Vernon Pamph.1990).

The Supreme Court in *Gates* stated that "the magistrate is not bound by such finely tuned standards as proof beyond a reasonable doubt or by a preponderance of the evidence; rather, his sole concern should be probability." *Gates,* 462 U.S. at 241, 103 S.Ct. at 2333–34; *Bower v. State,* 769 S.W.2d 887, 902 (Tex.Crim.App.1989). The *Gates* test replaces the former two-pronged *Aguilar–Spinelli* test which rigidly focused on the basis of the confidential informant's knowledge and his veracity or reliability.[6] Although no longer determinative, the *Aguilar–Spinelli* test is instructive. *Eisenhauer,* 754 S.W.2d at 164; *Young v. State,* 759 S.W.2d 680, 682 (Tex.App.—Dallas 1988, pet. ref'd). In *Gates,* the Court did not dispense with the two requirements used in the *Aguilar–Spinelli* test. Rather, the Court criticized the strict application of the two prongs of *Aguilar–Spinelli* and held that a deficiency in one [prong] may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other [prong], or by some indicia of reliability. *Gates,* 462 U.S. at 241, 103 S.Ct. at 2333–34; *Eisenhauer,* 754 S.W.2d at 164. For example, "if [the court] entertains some doubt as to an infor-

mant's motives, his explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed first-hand, entitles his tip to a greater weight than might otherwise be the case." *Gates,* 462 U.S. at 235, 103 S.Ct. at 2330–31.

## STANDARD OF REVIEW

At a suppression hearing, the judge can accept or reject the testimony of the witnesses, including a defendant, in determining the issues. *Sawyers v. State,* 724 S.W.2d 24, 35 (Tex.Crim.App.1986); *Black v. State,* 776 S.W.2d 700, 701 (Tex.App.— Dallas 1989, no pet.). The trial court must focus its attention on the four corners of the affidavit prepared in support of the search warrant. *Franks v. Delaware,* 438 U.S. 154, 155–57, 98 S.Ct. 2674, 2676–77, 57 L.Ed.2d 667 (1978); *Dancy v. State,* 728 S.W.2d 772 (Tex.Crim.App.1987). After reviewing the evidence, the judge will determine if the magistrate had a substantial basis for finding probable cause to support the issuance of a search warrant. *Eisenhauer,* 754 S.W.2d at 164.

The appellate court must also review the evidence regarding the search warrant affidavit using the "totality of the circumstances" standard of review. *Eisenhauer,* 754 S.W.2d at 164. We lend great deference to the trial court's findings and will not disturb these findings on appeal, absent an abuse of discretion. *Black,* 776 S.W.2d at 701. We do not conduct a de novo determination of probable cause. Rather, this Court must decide whether the evidence viewed as a whole provided a substantial basis for the magistrate's finding of probable cause. *Gates,* 462 U.S. at 238, 103 S.Ct. at 2332; *Eisenhauer,* 754 S.W.2d at 164.

## OMISSIONS IN AN AFFIDAVIT

■ Appellant asserts that Curtis omitted material information from the search warrant affidavit. A claim of a material omission is treated essentially the same as

---

6. See *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Spinelli v. United*

*States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

a material misstatement. *United States v. Martin*, 615 F.2d 318, 328 (5th Cir.1980); *Brooks v. State*, 642 S.W.2d 791, 796–97 (Tex.Crim.App. [Panel Op.] 1982); *Melton v. State*, 750 S.W.2d 281, 284 (Tex.App.— Houston [14th Dist.] 1988, no pet.). The defendant must prove by a preponderance of the evidence, first, that the omission was in fact made and second, that it was made intentionally or with a reckless disregard for the accuracy of the affidavit. If the defendant carries this initial burden, the court will determine whether the affidavit would still establish probable cause for the search if the omitted material were set forth therein. If not, the court will void the warrant and suppress the evidence seized pursuant to it. *Martin*, 615 F.2d at 328; *Melton*, 750 S.W.2d at 284.

■ The issue of omission of information from a search warrant affidavit has been specifically addressed in two Texas cases. In *Brooks*, the Court of Criminal Appeals held that the omission of information from the affidavit that the informant was paid by the police did not invalidate the search warrant. *Brooks*, 642 S.W.2d at 796–97. More recently, in *Melton*, the Houston Court held that the omission of information regarding a deal between the informant and the police concerning pending charges against the informant did not invalidate the search warrant. *Melton*, 750 S.W.2d at 284–85; *Garris v. Rowland*, 678 F.2d 1264 (5th Cir.1982); *Martin*, 615 F.2d at 328; *United States of America v. Park*, 531 F.2d 754 at 758–59 (5th Cir.1976). Numerous other federal and state jurisdictions have held that the omission of such information from an affidavit does not render the search warrant invalid. *United States v. Strifler*, 851 F.2d 1197 (9th Cir.1988) *cert. denied* —— U.S. ——, 109 S.Ct. 1170, 103 L.Ed.2d 228 (1989); *United States v. Reivich*, 793 F.2d 957 (8th Cir.1986); *State v. Grimshaw*, 128 N.H. 431, 515 A.2d 1201 (1986); *People v. Kurkland*, 28 Cal.3d 376, 168 Cal.Rptr. 667, 618 P.2d 213 (1980) *cert. denied* 451 U.S. 987, 101 S.Ct. 2321, 68 L.Ed.2d 844 (1981).

In the instant case, the record reflects that Curtis knew that Hansen had an extensive criminal record when he made the deal with him to supply information about appellant in exchange for the dismissal of four pending charges. Hansen testified at the suppression hearing that he would possibly lie in order to obtain the dismissals of the four felony charges against him. Appellant maintains that the magistrate would not have found that probable cause existed if the omitted information regarding Hansen's character and motive had been included in the affidavit.

The affidavit in question is based primarily on information provided by Hansen. The affidavit, reads in pertinent part, that:

On October 21, 1986, I received information from a confidential informant that on that same day the informant had seen a 9 mm Sten Gun machine gun with a silencer in the residence of Randy Heitman, 1403 El Patio, Dallas, Dallas County, Texas. The confidential informant also advised he had seen a .22 caliber silencer at this residence. The confidential informant told me he/she had been in the residence at 1403 El Patio on October 21, 1986, and had personally seen the machine gun and silencer in the den of the residence. By the description given me by the confidential informant of the machine gun and silencer, they are both "firearms" which are required by Federal law to be registered in the National Firearms Registration and Transfer Record.

I have personally known this confidential informant for about ten years. He/she has given me information on two occasions in the past which related to the illegal possession of unregistered automatic firearms. On both of these prior occasions, the information given me by the confidential informant proved to be correct and people were convicted on each occasion as a result of the information given me by the confidential informant.

\* \* \* \* \* \*

Based upon my experience, people in possession of firearms often possess or store them within the residence which they occupy. It has also been my experience that people in possession of fire-

arms nearly always have within their residence or on their person, documents pertaining to the firearms, such as receipt, photographs and warranty information.

To establish his claim that the affidavit is insufficient, appellant must show that Hansen's criminal record and his deal with Curtis negated his basis of knowledge and his veracity or reliability as an informant. *See Cassias*, 719 S.W.2d at 587–89. The affidavit in this case states that on October 21, 1988, Hansen saw the unlawful weapon at appellant's residence. Hansen testified at the suppression hearing that information in the affidavit was correct. Further, Curtis stated in the affidavit that Hansen was reliable, and had a proven record of providing the police with accurate information on two occasions in the past concerning unlawful weapons violations. On both prior occasions, the information given by Hansen proved to be correct and resulted in convictions. Curtis also took steps to verify the information supplied by Hansen. *Brooks*, 642 S.W.2d at 796–97; *Melton*, 750 S.W.2d at 284. He checked with the National Firearms Registration and Transfer Record and confirmed that appellant had no weapons registered to him. He also verified that appellant was a convicted felon which precluded him from possessing weapons.

We recognize that a great amount of invaluable information is supplied by confidential informants some of whom are themselves participants in criminal activity. The tips provided by such informants often reflects their vulnerability to police pressure or may involve revenge, braggadocio, self exculpation, or the hope for compensation. *See Kurkland*, 618 P.2d at 224. It would be a very naive magistrate who would suppose that a confidential informant would drop off the street with such detailed evidence and not have an ulterior motive. *See Strifler*, 851 F.2d at 1197. The fact that an informant has a criminal record or participated in criminal acts will not in itself undermine the credibility or reliability of such person. *See United States v. Harris*, 403 U.S. 573, 583–84, 91 S.Ct. 2075, 2081–82, 29 L.Ed.2d 723 (1971); *Martin*, 615 F.2d at 328; *Adams v. State*,

683 S.W.2d 525, 527–28 (Tex.App.—Dallas 1984 pet. ref'd).

We conclude that the affidavit satisfies the *Gates* standard by stating with particularity the basis of Hansen's knowledge and by providing sufficient information to support Curtis' assertion that Hansen was a reliable informant. While appellant has shown that omissions were in fact made by Curtis, the record contains no evidence that Curtis intentionally or knowingly, with reckless disregard for the truth, made any misstatements or omissions in the affidavit that would affect the finding of probable cause in support of the issuance of the search warrant. We also concur with the trial court's finding that even if Curtis had included the omitted information, the affidavit would still be facially sufficient to give the magistrate probable cause to issue the search warrant. We hold that the magistrate had a substantial basis for finding probable cause to support the issuance of the warrant to search appellant's residence. Appellant's point of error is overruled.

The judgment of the trial court is affirmed.