ACCEPTED
13-14-00588-CR
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
4/14/2015 9:48:05 AM
DORIAN RAMIREZ
CLERK

## NO. 13-14-00588-CR

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF
TEXAS
AT CORPUS CHRISTI

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
4/14/2015 9:48:05 AM
DORIAN E. RAMIREZ
Clerk

## THE STATE OF TEXAS,
### Appellant,

## v.

## CHRISTOPHER ALEXSON PAPPILLION,
### Appellee.

On Appeal from the 377th District Court
Victoria County, Texas
Cause Number 13-2-27,162-D

## APPELLANT'S REPLY BRIEF

### STEPHEN B. TYLER
Criminal District Attorney
Victoria County, Texas

### BRENDAN WYATT GUY
Assistant Criminal District Attorney
Victoria County, Texas
205 N. Bridge St. Ste. 301,
Victoria, Texas 77901-6576
bguy@vctx.org
(361) 575-0468
(361) 570-1041 (fax)
State Bar No. 24034895
(On Appeal)

Attorneys for the State of Texas

## ORAL ARGUMENT NOT REQUESTED

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to TEX. R. APP. P. 38.1(a) (2003), the parties to the suit are as follows:

| | |
|---|---|
| **APPELLANT** | **The State of Texas** |
| **APPELLEE** | **Christopher Alexson Pappillion** |
| **TRIAL JUDGE** | **The Honorable Robert Cheshire**<br>**377th District Court**<br>**Victoria, Texas** |
| **TRIAL PROSECUTOR** | **Edward Paul Wilkinson**<br>State Bar No. 24052674<br>Assistant Criminal District Attorney<br>205 N. Bridge St. Ste 301<br>Victoria, Texas 77901-6576 |
| **TRIAL DEFENSE ATTORNEY** | **Brent Andrew Dornburg**<br>State Bar No. 24003930<br>120 N. Main Street<br>Victoria, Texas 77901 |
| **APPELLATE STATE'S ATTORNEY** | **Brendan Wyatt Guy**<br>State Bar No. 24034895<br>Assistant Criminal District Attorney<br>205 N. Bridge St. Ste 301<br>Victoria, Texas 77901-6576 |
| **APPELLATE DEFENSE ATTORNEYS** | **Stephen D. Jackson**<br>Law Offices of Stephen D. Jackson & Associates<br>State Bar No. 00784324<br>215 Simonton<br>Conroe, Texas 77301 |

**Paul Morrison**
Law Offices of Stephen D. Jackson &
Associates
State Bar No. 24079028
215 Simonton
Conroe, Texas 77301

# TABLE OF CONTENTS

**PAGE (S)**

**TABLE OF CONTENTS** ........................................................................... iv

**INDEX OF AUTHORITIES** ....................................................................... v

**SUMMARY OF REPLY** ........................................................................ 1-2

**REPLY** .............................................................................................. 2-10

    **I. Even after including the omitted material at issue in
    this case into the affidavit, probable cause to support
    the issuance of a search warrant still exists**............................. 2-10

**PRAYER** ............................................................................................. 11

**SIGNATURE** ........................................................................................ 11

**CERTIFICATE OF COMPLIANCE** ..................................................... 12

**CERTIFICATE OF SERVICE** ............................................................... 13

# INDEX OF AUTHORITIES

## United States Supreme Court Cases

*Franks v. Delaware,* **98 S. Ct. 2674 (1978)**......................................1-5, 10

## Texas Cases

*Flores v. State,* **319 S.W. 3d 697 (Tex. Crim. App. 2010)** ...................... 6

*Heitman v. State,* **789 S.W. 2d 607
(Tex. App.-Dallas 1990, pet. ref'd)** .......................................................... 3

*Melton v. State,* **750 S.W. 2d 281
(Tex. App.-Houston [14th Dist.] 1988, no pet)**......................................... 3

*Rentaria v. State,* **206 S.W. 3d 689 (Tex. Crim. App. 2006)**.................3-4

*Rodriguez v. State,* **232 S.W. 3d 55 (Tex. Crim. App. 2007)** ...............2-3

## Texas Rules

**TEX. R. APP. 9.4**...................................................................................... 12

**TEX. R. APP. 38.1**......................................................................................ii

IN THE COURT OF APPEALS
FOR THE THIRTEEN DISTRICT OF TEXAS
AT CORPUS CHRISTI

THE STATE OF TEXAS…………………………………………..Appelant

v.

CHRISTOPHER ALEXSON PAPPILLION,.……………………...Appellee

\* \* \* \* \*

**APPELLANT'S REPLY BRIEF**

\* \* \* \* \*

TO THE HONORABLE COURT OF APPEALS:

COMES NOW, THE STATE OF TEXAS**,** by and through her Criminal District Attorney, Stephen B. Tyler, and as Appellant in the above numbered and entitled cause, and files this the Appellant's Reply Brief showing:

## SUMMARY OF THE REPLY

Even if *Franks* hearings can be held concerning omissions in the affidavit, it is clear that when we apply the standard urged by the Appellee for evaluating a *Franks* violation based on an omission, which requires reading the omitted material into the affidavit and then determining if there is probable cause, there was probable cause to support the issuance of a search warrant in this case. The omitted material at issue in this case does

not diminish the probable cause that was already established by the search warrant affidavit for this case. The omitted material still strongly supports a finding that cocaine was obtained from inside Appellee's residence, and that information in conjunction with the remainder of the affidavit is more than sufficient to establish probable cause to search Appellee's residence. Therefore, even under Appellee's favored approach, the search warrant was still adequately supported by probable cause, and as such Appellee's motion to suppress should have been denied.

## REPLY

I.     **Even after including the omitted material at issue in this case into the affidavit, probable cause to support the issuance of a search warrant still exists.**

The Court of Criminal Appeals' *Rodriguez* decision appears to have settled the issue of whether a *Franks* evidentiary hearing can be held concerning alleged omissions from an affidavit. See *Rodriguez v. State,* 232 S.W. 3d 55 (Tex. Crim. App. 2007); *Franks v. Delaware,* 98 S. Ct. 2674 (1978). *Rodriguez* saw the Court of Criminal Appeals state that "it is not necessary to delve into all of the facts that were omitted by the affidavit" and further state that, "the only issue is whether the facts that actually were in the affidavit, combined with all reasonable inferences that might flow from those facts, are sufficient to establish a "fair probability" that more cocaine

would be found at the Goddard Street Garage." *Rodriguez,* 232 S.W. 3d at 64. (emphasis added). That seems a definite statement that the Court of Criminal Appeals expects courts only to look at what was actually in the affidavit and thus logically would mean that *Franks* hearings are not to be conducted over supposed omissions in the affidavit.

However, should it be concluded that *Rodriguez* did not implicitly establish that *Franks* hearings cannot be based on alleged omissions from affidavits, and should it further be concluded that defendants will in fact be allowed to obtain *Franks* hearings on supposed omissions, then the trial court still erred in granting Appellee's motion to suppress in this case.

The Appellee argues that when a *Franks* hearing is going to be conducted for alleged omissions then the proper way to conduct such a test is to include the omitted material into the affidavit and then determine if it still establishes probable cause. See *Heitman v. State,* 789 S.W. 2d 607, 610-611 (Tex. App.-Dallas 1990, pet. ref'd); *Melton v. State,* 750 S.W. 2d 281, 284 (Tex. App.-Houston [14th Dist.] 1988, no pet). That does seem a logical way to conduct an evaluation concerning alleged omissions, and there is dicta in the Court of Criminal Appeals' *Rentaria* decision that suggests that if the Court of Criminal Appeals was going to extend *Franks* to apply to omissions then that is how it would structure the test. *Rentaria v.*

*State,* 206 S.W. 3d 689, 704 (Tex. Crim. App. 2006). (*Rentaria* was a pre-*Rodriguez* case where the Court of Criminal Appeals declined to definitively address whether *Franks* applied to omissions from an affidavit but did note in passing that even if *Franks* did apply to omissions, the search warrant affidavit in that case would have still been valid even after the omitted material was included.) *Rentaria,* 206 S.W. 3d at 704. However, if that is the way to perform a *Franks* test concerning omissions, then the trial court clearly erred in granting the motion to suppress, because a review of the record shows that when the allegedly omitted material is read into the affidavit there is more than enough evidence to establish probable cause for the issuance of a search warrant.

The Appellee essentially claims six facts were left out of the affidavit in this case. These were: 1) that there were three other people, Nathan, Jose Partida, and Ivan Casas, involved in the case; 2) that there is no information about the credibility and reliability of any of these people; 3) that the Confidential Informant (hereafter CI) did not actually participate in the controlled purchase; 4) that it was Ivan Casas who actually went into Appellee's residence and participated in the controlled purchase; 5) that the affiant had never deal with Mr. Casas before and did not know anything about his truthfulness or veracity; and 6) that the CI had no information

about what happened during the controlled purchase inside Appellee's residence.

If the information that Nathan, Jose Partida, and Ivan Casas were involved in the case is to be read into the affidavit then it is obviously necessary to likewise read in all of the information about how they were involved in the case. (Cherry picking the facts about their involvement to just the six facts Appellee cites, without considering all of the testimony about these individuals' involvement in the case would produce exactly the kind of misleading affidavit that *Franks* hearings are designed to remedy.) And once the full information about the involvement of these other individuals is read into the affidavit, it is clear that even with that additional information the affidavit still easily establishes that narcotics were present at the 201 Wearden residence at the time the CI travelled to that location.

The record shows that the CI attempted to purchase cocaine from Nathan who did not have any cocaine. [RR-I-9]. The CI and Nathan then met with Mr. Partida, who also did not have any cocaine. *Id.* The CI, Nathan, and Mr. Partida then met with Mr. Casas who also did not have any cocaine. [RR-I-10]. Mr. Casas then took the entire group to Appellee's residence at 201 Wearden where Mr. Casas went inside and then came back

out with the cocaine. [RR-I-10-11]. Mr. Casas then sold the cocaine to the CI. [RR-I-11].

Nothing in that chain of events diminishes probable cause for searching Appellee's residence. Quite the opposite, the chain of events leads to one inexplicable conclusion: that cocaine was present in Appellee's residence at the time the CI travelled there. There is just no other logical conclusion to draw from an individual saying he does not have any cocaine, that same individual then traveling directly (under police observation the entire time) to another location, entering into that other location, and then emerging from that location with cocaine now in his possession. If an individual does not have any cocaine, goes into a building, and then a short time later emerges from the building with cocaine, then that certainly supports a reasonable inference the individual got the cocaine from inside the building.

Furthermore, when that logical conclusion (that there was cocaine in Appellee's residence at the time the CI and company drove up to the residence and Mr. Casas went inside) is combined with the reports the police had that the Appellee lived at that location, and that the Appellee was engaged in drug trafficking, it makes it reasonable to infer that additional drugs are present inside the building. It may not be certain there were more

drugs inside the building, but it does not have to be certain to justify the issuance of a search warrant. The burden of proof to get a search warrant is probable cause not beyond a reasonable doubt. See *Flores v. State,* 319 S.W. 3d 697, 702 (Tex. Crim. App. 2010). And the evidence that drugs were located at that residence, in conjunction with the tips the police had about Appellee living there and Appellee being involved in drug trafficking, were certainly enough to establish probable cause. See *Flores,* 319 S.W. 3d at 703(finding that an anonymous tip about narcotics activity in conjunction with the evidence of marihuana being located in the trash outside the residence was enough to establish probable cause.) If an anonymous tip plus drugs in the trash outside the residence is enough for probable cause then certainly an anonymous tip plus solid evidence that drugs were located inside the house is more than enough for probable cause.

It is likewise immaterial that the affiant had no information about the credibility and reliability of Nathan, Jose Partida, or Ivan Casas. They were not acting as police informants in this affair. Indeed they were effectively as much targets of the investigation as the Appellee himself. (If any of them had actually had cocaine, they would have sold it to the CI themselves, been arrested for that action, and Appellee would have never even have been involved in this case.) Since none of those three were acting on behalf of the

police, their credibility is not really at issue in the same way it would be with a typical confidential informant, who knows the police are watching him and thus might have incentives to lie.

Furthermore, to the extent that these three individuals' credibility matters at all in this case, their credibility can be logically inferred from their actions. Drugs dealers presumably want to sell their drugs. As such it is exceedingly unlikely that Nathan, Mr. Partida, and Mr. Casas were lying about not having any cocaine when the CI approached them. They would simply have no reason to lie. (Admittedly in some circumstances a drug dealer might lie about having drugs available for sale if the dealer fears he is being set up either by a police agent or for a robbery, but in this case if any of these individuals had feared a trap involving the CI it is very unlikely they would have willingly continued to stay with the CI through the entire chain of events. As such based on their continued interaction with the CI it is reasonable to infer they believed him to be an authentic customer and were being truthful with him about their not having any drugs themselves.)

It likewise does not matter if Mr. Casas lied about how he obtained the drugs once he went inside Appellee's residence. Even if Mr. Casas stole the cocaine once inside Appellee's residence rather than purchased it, that would still mean there was cocaine inside that residence at the time that Mr. Casas

entered the residence. And as already discussed, if there was cocaine inside the residence then that information when taken in conjunction with the rest of the affidavit (which included the reports that the Appellee was engaged in drug trafficking), fully supports the issuance of a search warrant for that residence.

Nor does it matter that the CI was not the one who actually purchased the drugs inside the residence. Mr. Casas told the CI he did not have any cocaine available for sale. [RR-I-9-10]. Mr. Casas then took the CI to Appellee's residence. [RR-I-10]. Mr. Casas then went into the residence and came out with cocaine. *Id.* Mr. Casas then sold the cocaine to the CI. [RR-I-11]. The only logical conclusion from this chain of events is that Mr. Casas obtained the cocaine he sold to the Appellee from inside the residence. And the CI witnessed each of these steps. Whether the CI saw the actual purchase inside the residence or not therefore simply does not matter. The circumstantial evidence based on what the CI did witness with Mr. Casas (and what the police could also observe/hear) is more than enough to support a reasonable inference that the cocaine Mr. Casas sold to the CI was obtained from within Appellee's residence. Indeed it is difficult to see how any other conclusion could actually be reached. Therefore it is not necessary for the CI to have witnessed the actual sale of drugs inside the residence.

His being able to establish that drugs were being kept inside the residence at the time when his group arrived there, is by itself enough to establish the requisite probable cause.

Therefore even if we assume in arguendo that *Franks* does apply to omissions from search warrant affidavits, and we further assume that the Appellee's proposed *Franks* approach where omitted material is read back into the affidavit to see if it can still establish probable cause once the omitted material included is the correct way to conduct a *Franks* examination over omitted material, there is still no justification for suppression in this case because the inclusion of the omitted material at issue here does not diminish the justification for a finding of probable cause. The omitted material still strongly supports a finding that there was cocaine inside Appellee's residence at the time that the CI traveled to the location, and that evidence in conjunction with the other evidence in the affidavit establishes probable cause to believe there was additional contraband inside that residence. As such even under Appellee's own favored approach, the trial court erred in granting the motion to suppress, and that ruling should be reversed.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the State prays that this Honorable Court reverse the judgment of the trial court.

.

**Respectfully submitted,**

**STEPHEN B. TYLER**
**CRIMINAL DISTRICT ATTORNEY**

**/s/ Brendan W. Guy**
**Brendan W. Guy**
Assistant Criminal District Attorney
SBN 24034895
205 North Bridge Street, Suite 301
Victoria, Texas 77902
E-mail: bguy@vctx.org
Telephone:  (361) 575-0468
Facsimile: (361) 576-4139

**ATTORNEYS FOR THE APPELLANT,**
**THE STATE OF TEXAS**

# CERTIFICATE OF COMPLIANCE

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I, Brendan Wyatt Guy, Assistant Criminal District Attorney, Victoria County, Texas, certify that the number of words in Appellant's Brief submitted on April 14, 2015, excluding those matters listed in Rule 9.4(i)(3) is 2,232.

**/s/ Brendan W. Guy**
**Brendan W. Guy**
Assistant Criminal District Attorney
SBN 24034895
205 North Bridge Street, Suite 301
Victoria, Texas 77902
E-mail: bguy@vctx.org
Telephone: (361) 575-0468
Facsimile: (361) 576-4139

## CERTIFICATE OF SERVICE

I, Brendan Wyatt Guy, Assistant Criminal District Attorney, Victoria County, Texas, certify that a copy of the foregoing brief has been served on Stephen D. Jackson and Paul Morrison, 215 Simonton, Conroe, Texas 77301, Attorneys for the Appellee, Christopher Alexson Pappillion, by depositing same in the United States Mail, postage prepaid on the day of April 14, 2015.

**/s/ Brendan W. Guy**
**Brendan W. Guy**
Assistant Criminal District Attorney
SBN 24034895
205 North Bridge Street, Suite 301
Victoria, Texas 77902
E-mail: bguy@vctx.org
Telephone:  (361) 575-0468
Facsimile: (361) 576-4139